**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0118-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSHUA E. HIGGINS,

     Defendant-Appellant.

_____

> Submitted December 9, 2020 – Decided May 19, 2021
>
> Before Judges Accurso and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-08-1383.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Ednin D. Martinez, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Joshua E. Higgins appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

The State alleged defendant, along with two other men, carjacked an Infinity G35 outside a nightclub in Newark near midnight on a Saturday night in early April 2014, using a .22 caliber handgun. An hour or so later, defendant and one of those men robbed a couple outside their Jersey City home, fatally shooting the husband in the process. All three men were arrested and charged in a single, multi-count indictment. Defendant was the only one charged with murder. Defendant and some combination of his co-defendants were also charged with felony murder, armed robbery, theft, receiving stolen property, weapons offenses and carjacking.

Defendant's statement to the police two days later was suppressed because the judge found defendant did not knowingly and voluntarily waive his Miranda[1] rights based on his low IQ and "specific inability to understand the concept of rights in general, and the specific components" of the Miranda warnings. We

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

granted the State's motion for leave to appeal that ruling. We subsequently remanded the case to the trial court to allow defendant to enter a guilty plea pursuant to an agreement he negotiated with the State.

Defendant agreed to plead guilty to first-degree murder on the indictment earlier discussed, No. 14-08-1383, as well as to another count of first-degree carjacking under a different indictment[2] arising from a 2013 carjacking in Bayonne, in exchange for the State's recommendation of a forty-year NERA[3] sentence on the murder conviction and a concurrent ten-year NERA term on the carjacking, dismissal of the remaining charges, and an express reservation of his right to urge a lesser sentence.

The same judge who suppressed defendant's statement took his plea. Defendant provided a factual basis for his guilty plea to both offenses, telling the judge he struck and injured the driver of a Honda in Bayonne in June 2013 attempting to take the car from him, and that he shot the victim of the April 2014 Jersey City robbery twice, killing him. Defendant told the judge he reviewed

---

[2] Neither the separate indictment, No. 15-03-0316, nor the judgment of conviction reflecting the plea to first-degree carjacking is included in the record on this appeal. The judgment of conviction was, however, included in the appendix in defendant's direct appeal of his sentence, allowing us to review it as part of that file.

[3] No Early Release Act, N.J.S.A. 2C:43-7.2.

3

the plea forms with his counsel, his answers on those forms were truthful, he was satisfied with the services of his counsel, and he entered his plea freely and voluntarily.

Defendant was sentenced in accordance with his agreement, and we dismissed the State's appeal of the order denying admission of defendant's statement. Defendant subsequently challenged his sentence, which we heard on a sentencing calendar, see Rule 2:9-11, and affirmed. The Supreme Court denied his petition for certification.

Defendant filed a timely petition for PCR alleging he received ineffective assistance from his counsel, who reportedly failed to review the discovery with him, failed to prepare for trial and improperly pressured him into pleading guilty by failing to investigate and support his alibi. Defendant also alleged his counsel never explained that by pleading guilty, this court would not rule on whether his statement was properly suppressed. The judge denied the petition without an evidentiary hearing.

The judge found defendant provided no specific facts or any evidence to support his claim his plea counsel failed to review the discovery with him. As to defendant's claim his counsel failed to explain we would not rule on admission of his statement after entry of his plea, the judge noted it was the State that

4

A-0118-19

appealed the decision regarding defendant's statement, not defendant. When defendant entered his plea, the order suppressing his statement was still in effect. Defendant's plea mooted the State's appeal, leaving the trial court order suppressing defendant's statement in place. The judge thus rejected defendant's claim his counsel was ineffective by failing to advise him a guilty plea would moot the then-pending interlocutory appeal, leaving him without "any issue pending before the Appellate Division."

Finally, the judge ruled defendant affirmatively represented under oath he was pleading guilty voluntarily, and that no one had pressured him to do so. Defendant never identified anyone to support his alibi beyond the one person the defense interviewed, making his claim that counsel rejected requests to interview others who could support his alibi no better than a bald assertion. See State v. Jones, 219 N.J. 298, 311-12 (2014) (noting "bald assertions" are not enough to establish a petitioner's prima facie case of ineffective assistance of counsel). The judge accordingly rejected defendant's claim that he was pressured to plead guilty by his counsel's failure to develop his alibi defense as belied by the record.

A-0118-19

On appeal, defendant contends only that the court erred in denying his claim his counsel pressured him into pleading guilty without holding an evidentiary hearing. We disagree.

To succeed on a claim of ineffective assistance, defendant must establish, first, that "counsel's representation fell below an objective standard of reasonableness" and, second, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). In the context of a guilty plea, that means defendant must show his counsel's assistance fell outside "the range of competence demanded of attorneys in criminal cases," and "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

Measured by that standard, we agree with the trial judge defendant did not establish he received ineffective assistance from his plea counsel based on counsel pressuring him into pleading guilty by the failure to develop his alibi defense. First, defense counsel clearly investigated defendant's alibi defense, locating defendant's great uncle, who provided a statement to an investigator.

A-0118-19

The uncle told the investigator he and defendant barbequed in the uncle's backyard "due to the nice weather." He insisted defendant was with him from about 7:00 p.m. on April 5, 2014, until the early hours of April 6, defendant only leaving the yard for a few minutes to use the bathroom inside the house. The uncle explained it was "very typical for him to hang out all night with his family members," and that "no one else hung out with them all night," and thus he was unable to provide the investigator with anyone who could corroborate his account other than defendant.

As the trial judge noted, defendant never identified anyone else he contends his counsel should have interviewed to support the alibi defendant's great uncle provided, and that witness advised there was no one else who could support it. The trial judge found the weakness of defendant's great uncle as an alibi witness under those circumstances "clear." Defendant was twenty years old facing first-degree murder and carjacking charges, exposing him to a life term plus thirty years.

We agree with the trial court that counseling defendant to accept a plea to those charges in return for a forty-year NERA term on the murder charge and a concurrent ten-year NERA term on the carjacking, an entirely separate crime committed the year before, thereby leveraging the uncertain outcome of the

7

State's interlocutory appeal of the order suppressing defendant's statement, cannot be found to be outside "the range of competence demanded of attorneys in criminal cases." Nuñez-Valdéz, 200 N.J. at 139. For defendant to have rejected the plea under those circumstances and proceeded to trial on such a flimsy alibi, even assuming his statement remained suppressed, would simply not have been rational. See Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

We also reject defendant's argument the judge should have held an evidentiary hearing on the petition. A judge's decision as to whether to hold an evidentiary hearing on a PCR petition alleging ineffective assistance of counsel is discretionary. State v. Preciose, 129 N.J. 451, 462 (1992); R. 3:22-10(b). No hearing is required unless defendant has established a prima facie case, that is, a reasonable likelihood of success under Strickland. Preciose, 129 N.J. at 462-63. As defendant did not establish a prima facie case for relief, no evidentiary hearing was required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0118-19